IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DANA DE BERNARDI, | ) |
| | ) |
| Plaintiff, | ) |
| | )    8:18-cv-03112-T-24AAS |
| v. | ) |
| | ) |
| CHASE BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DANA DE BERNARDI, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, CHASE BANK USA, N.A., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. DANA DE BERNARDI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wesley Chapel, County of Pasco, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

$400.00
TPA

Page 1 of 6

6. CHASE BANK USA, N.A., (hereinafter, "Defendant") is a national banking association conducting business within the State of Florida. Defendant's principal place of business is located in the State of Delaware.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. At no time on or prior to July 15, 2018 did Plaintiff have a personal credit account with Defendant.

10. At no time on or prior to July 15, 2018 did Plaintiff owe a debt to Defendant.

11. At no time on or prior to July 15, 2018 did Plaintiff have a personal business relationship with Defendant.

12. Given the facts delineated above, prior to July 15, 2018, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

13. Given the facts delineated above, prior to July 15, 2018, had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

14. Despite being cognizant of the facts as delineated above, Defendant has repeatedly accessed Plaintiff's individual and personal credit file from multiple "consumer reporting agencies", as that term is defined by 15 U.S.C. §1681a(f).

15. Specifically, Defendant accessed Plaintiff's individual and personal credit file from Experian Information Solutions, Inc. ("Experian"), several times, including without limitation on the following dates:

    a. April 13, 2017; May 27, 2017; June 16, 2017; July 11, 2017; July 31, 2017; September 9, 2017; December 28, 2017; December 31, 2017; January 13, 2018; March 2, 2018; March 27, 2018; May 22, 2018; and July 15, 2018.

16. Defendant has accessed Plaintiff's individual and personal credit file from Equifax Information Services LLC ("Equifax") several times, including without limitation on the following dates:

    a. April 13, 2017; May 27, 2017; June 16, 2017; July 11, 2017; September 9, 2017; December 28, 2017; January 13, 2018; March 2, 2018; March 27, 2018; May 22, 2018; and July 15, 2018.

17. At no time on or prior to July 15, 2018 did Plaintiff consent to Defendant accessing her individual and personal credit report.

18. Despite being cognizant of the facts as delineated above, Defendant has repeatedly accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

19. Despite being cognizant of the facts as delineated above, Defendant has repeatedly accessed Plaintiff's individual and personal credit report impermissibly.

20. Despite being cognizant of the facts as delineated above, Defendant has repeatedly accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

21. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

22. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

23. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

24. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

25. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

26. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

27. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

28. On each of the dates referenced in paragraphs 15 and 16, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

29. Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to July 15, 2018.

30. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f).

31. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DANA DE BERNARDI, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DANA DE BERNARDI**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: December 26, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com